IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS DeSIMONE, PATRICK GARDNER, MOHAMMAD HUSSAIN, PAUL MALSTROM, and all others similarly situated, | CIVIL ACTION COMPLAINT |
| Plaintiffs, | CIVIL ACTION NO: |
| v. | |
| TIAA BANK, FSB, f/k/a Everbank Financial Corp., | |
| Defendant. | (JURY TRIAL DEMANDED) |

**INDIVIDUAL, CLASS, AND COLLECTIVE ACTION COMPLAINT**

NICHOLAS DeSIMONE of New Jersey ("DeSIMONE"), PATRICK GARDNER of California ("GARDNER"), MOHAMMAD HUSSAIN of New York ("HUSSAIN"), and PAUL MALSTROM of Maryland ("MALSTROM") (collectively, the "Named Plaintiffs"), by and through their undersigned attorneys, bring this action against Defendant, TIAA BANK, FSB, f/k/a Everbank Financial Corp., ("Defendant" or "TIAA"), through their undersigned attorneys, on behalf of themselves and all others similarly situated employees ("Collective Action Plaintiffs"), for unpaid overtime compensation, minimum wages, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. In addition to bringing such claims on an individual basis, Named Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

In addition to his FLSA claims, HUSSAIN (hereinafter the "NY Named Plaintiff") also

1

seeks relief on behalf of himself and all others similarly situated employees who worked for Defendant in New York in the six years preceding the filing of the related action, *Lesser, et al. v. TIAA Bank*, 1:19-cv-01707-AJN (S.D.N.Y.) (the "NY Class") under the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 *et. seq.*, N.Y. Lab. Law § §190 *et seq.*, and 12 N.Y.C.C.R. § 142 (collectively, "New York Wage Laws" or "NYWHL").

In addition to his FLSA claims, DeSIMONE (hereinafter the "NJ Named Plaintiff") also seeks relief on behalf of himself and all others similarly situated employees who worked for Defendant in New Jersey in the five years (the current statute of limitations in wage and hour actions in New Jersey) preceding the filing of the related action*, Lesser, et al. v. TIAA Bank,* 1:19-cv-01707-AJN (S.D.N.Y.) (the "NJ Class") under the New Jersey Wage and Hour Law, N.J. Stat. Ann. 34:11-56, *et seq.* and the New Jersey Wage Collection Law, N.J. Stat. Ann. 34:11-57, *et. seq.*, (the "New Jersey Wage Laws" or "NJWHL").

In addition to his FLSA claims, GARDNER (hereinafter the "CA Named Plaintiff") also seeks relief on behalf of himself and all others similarly situated employees who worked for Defendant in California in the four years preceding the filing of this action (the "CA Class") under the California Labor Code §§ 203, 221, 223, 226.2, 226.7, and 510, California Wage Order 4-2001, and other applicable Wage Orders and California Business Professions Code § 17200.

In addition to his FLSA claims, MALSTROM (hereinafter the "MD Named Plaintiff") also seeks relief on behalf of himself and all others similarly situated employees who worked for Defendant in Maryland in the three years preceding the filing of this action (the "MD Class") under the Maryland Wage and Hour Law, Md. Code Ann. Lab. & Empl. §§ 401-431 and the

Maryland Wage Payment and Collection Law, MD Code Ann. Lab. & Empl. §§ 3-501 – 3-509 (the "Maryland Wage Laws" or "MDWHL").

Claims under the New York Wage Laws, the New Jersey Wage Laws, the California Wage Laws and the Maryland Wage Laws are collectively hereinafter referred to as the "State Law Claims."

## NATURE OF THE CASE

1.      Named Plaintiffs have initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act (FLSA), the New Jersey Wage Laws, the New York Wage Laws, the California Wage Laws, and the Maryland Wage Laws.

2.      Defendant failed to pay Named Plaintiffs, Collective Action Plaintiffs, and members of the NY Class, the NJ Class, the CA Class and the MD Class (Collective Action Plaintiffs and members of the NY Class, NJ Class, CA Class and MD Class will be collectively referred to as "All Putative Class Members") at least one-and-one-half times their hourly rate for the hours worked over forty per workweek by intentionally misclassifying them as an exempt employees under federal and state law.  Similarly, Defendants' pay system regularly failed to pay Named Plaintiffs and All Putative Class Members minimum wage.

3.      As a direct consequence of Defendant's actions, Named Plaintiffs and All Putative Class Members have suffered damages.

## JURISDICTION AND VENUE

4.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

5.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over the state law claims pursuant

3

to 28 U.S.C. § 1367, because they arise out of a common nucleus of operative fact, and form part of the same case or controversy under Article III of the United States Constitution.

6.     Additionally, this Court has original jurisdiction over the New York State Law Claims, New Jersey State Law Claims, California State Law Claims, and Maryland State Law Claims in this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), because this is a class action in which: (1) there are 100 or more members in each of Plaintiffs' proposed classes; (2) at least some members of the proposed classes have different citizenship from Defendant; and (3) the claims of the proposed class members, upon information and belief, exceed $5,000,000 in the aggregate. In addition, or in the alternative, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiffs' New York State Law Claims, New Jersey State Law Claims, California State Law Claims, and Maryland State Law Claims because those claims derive from a common nucleus of operative facts as to those alleged pursuant to the FLSA claims.

7.     This Court may properly maintain personal jurisdiction over Defendant because, upon information and belief, Defendant maintains its headquarters in New York and Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **PARTIES**

9.     The foregoing paragraphs are incorporated as if set forth in full.

4

10.     Plaintiff HUSSAIN, at all times material hereto and currently, resides in New York and worked for Defendant as a Retail Loan Officer from approximately March 2013 to approximately November 2018 at Defendant's offices in New York, New York.

11.     Plaintiff DeSIMONE, at all times material hereto and currently, resides in New Jersey and worked for Defendant as a Retail Loan Officer from approximately January 2018 to approximately March 2019 at Defendant's offices in the Parsippany, New Jersey.

12.     Plaintiff GARDNER at all times material hereto and currently, resides in California and worked for Defendant as a Retail Loan Officer from approximately July 2013 to approximately November 2018 at Defendant's offices in San Francisco, California and Oakland, California.

13.     Plaintiff MALSTROM at all times material hereto and currently, resides in Maryland and worked for Defendant as a Retail Loan Officer from approximately December 2017 to approximately October 2018 at Defendant's offices in Columbia, Maryland and Towson, Maryland.

14.     Named Plaintiffs and All Putative Class Members were "employees" of Defendant as defined by 29 U.S.C. §203(e).

15.     Defendant TIAA, upon information and belief, is a federally chartered bank and the successor in interest to Everbank, a Federal Savings Association, and Everbank Financial Corp. Defendant TIAA does business across the United States of America, including, but not limited to, regularly conducting business in the States of New York, New Jersey, Maryland, and California, and New Jersey as well as many other states, and maintains its offices at 730 3rd Avenue, New York, NY, 10017.

16.     Defendant, at all times material hereto, is an enterprise within the meaning of 29 U.S.C §203(r) and engaged in interstate commerce within the meaning of 29 U.S.C §203(s)(1) at all times material hereto with an annual gross sales volume in excess of $500,000.

17.     Defendant is and was at all times material hereto, an "Employer," as that term is defined in 29 U.S.C §203(d), as well as pursuant to the New York Wage Laws, the New Jersey Wage Laws, California Wage Laws and the Maryland Wage Laws.

## COLLECTIVE ACTION ALLEGATIONS

### General Allegations

18.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

19.     Named Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all RLO's, and those who performed RLO functions regardless of title, who were employed by Defendant nationwide within the last three years (members of this putative class are referred to as "Collective Action Plaintiffs").

20.     Named Plaintiffs' claims are typical of the claims of Collective Action Plaintiffs because Named Plaintiffs, like all Collective Action Plaintiffs, were employed as Retail Loan Officers, and others who performed Retail Loan Officer functions of originating and producing residential mortgage loans from TIAA regardless of title (hereinafter, "RLOs"), by Defendant to whom Defendant failed to pay minimum wage and overtime wages as required by the FLSA in the last three (3) years. Further, the Named Plaintiffs, like all Collective Action Plaintiffs, were denied overtime compensation under the official

company-wide practice of Defendant which uniformly misclassified RLOs, and others who performed RLO functions, regardless of title, as exempt from overtime compensation.

21.     Named Plaintiffs will fairly and adequately represent and protect the interests of Collective Action Plaintiffs, because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of Collective Action Plaintiffs. Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

22.     No difficulties are likely to be encountered in the management of this collective action that would preclude its maintenance as a collective action. Collective Action Plaintiffs are easily identifiable from Defendant's records.

23.     Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records. Based on information and belief, the number of Collective Action Plaintiffs is estimated to be in excess of five hundred individuals.

24.     Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. §216(b).

## CLASS ACTION ALLEGATIONS
### Rule 23 New York Class

25.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

26.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the New York Named Plaintiff MOHAMMAD HUSSAIN (the "NY Named Plaintiff") brings his claims for relief on behalf of himself and those similarly situated.

7

27.     Specifically, the NY Named Plaintiff seeks to represent a class of all persons (the "NY Class") who worked for Defendant as a Retail Loan Officer, and others who performed Retail Loan Officer functions of originating and producing residential mortgage loans from TIAA regardless of title, in the six (6) years prior to the filing of *Lesser, et al. v. TIAA Bank*, 1:19-cv-01707-AJN (S.D.N.Y.) (the "Related Action") the instant action continuing through the present, in the state of New York.

28.     The class is so numerous that the joinder of all class members is impracticable. Based on information and belief, the number of potential class members is estimated to be in excess of 100 individuals.

29.     NY Named Plaintiff's claims are typical of the claims of the NY Class, because the NY Named Plaintiff, like all NY Class members, was denied minimum wage and overtime wages under the New York Wage Laws.

30.     NY Named Plaintiff will fairly and adequately protect the interests of the NY Class because NY Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. NY Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

31.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

32.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions

by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the NY Class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual NY Class members may not be great enough to enable all of the individual NY Class members to maintain separate actions against Defendant.

33.     Questions of law and fact that are common to the NY Class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the NY Named Plaintiff and the NY Class are whether the RLOs meet any exemption for overtime compensation under the New York Wage Laws, whether NY Named Plaintiff and NY Class's worked more than 40 hours per week without overtime pay, and whether Defendants' pay system failed to consistently pay RLOs minimum wage for all hours worked.

## Rule 23 New Jersey Class

34.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

35.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the New Jersey Named Plaintiff NICHOLAS DeSIMONE (the "NJ Named Plaintiff") brings his claims for relief on behalf of himself and those similarly situated.

36.     Specifically, the NJ Named Plaintiff seeks to represent a class of all persons (the "NJ Class") who worked for Defendant as a Retail Loan Officer, and others who performed Retail Loan Officer functions of originating and producing residential mortgage loans from TIAA regardless of title, in the five (5) years prior to the filing of the Related Action continuing through the present, in the state of New Jersey.

37.     The class is so numerous that the joinder of all class members is impracticable. Based on information and belief, the number of potential class members is estimated to be in excess of 100 individuals.

38.     NJ Named Plaintiff's claims are typical of the claims of the NJ Class, because the NJ Named Plaintiff, like all NJ Class members, was denied minimum wage and overtime wages under the New Jersey Wage Laws.

39.     NJ Named Plaintiff will fairly and adequately protect the interests of the NJ Class because NJ Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. NJ Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

40.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

41.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the NJ Class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual NJ Class members may not be great enough to enable all of the individual NJ Class members to maintain separate actions against Defendant.

42.     Questions of law and fact that are common to the NJ Class predominate over questions that affect only individual members of the class. Among the questions of law and fact

that are common to the NJ Named Plaintiff and the NJ Class are whether the RLOs meet any exemption for overtime compensation under the New Jersey Wage Laws, whether NJ Named Plaintiff and NJ Class worked more than 40 hours per week without overtime pay, and whether Defendants' pay system failed to consistently pay RLOs minimum wage for all hours worked.

### Rule 23 California Class

43.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

44.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the California Named Plaintiff PATRICK GARDNER (the "CA Named Plaintiff") brings his claims for relief on behalf of himself and those similarly situated.

45.     Specifically, the CA Named Plaintiff seeks to represent a class of all persons (the "CA Class") who worked for Defendant as a Retail Loan Officer, and others who performed Retail Loan Officer functions of originating and producing residential mortgage loans from TIAA regardless of title, in the four (4) years prior to the filing of the instant action continuing through the present, in the state of California.

46.     The class is so numerous that the joinder of all class members is impracticable. Based on information and belief, the number of potential class members is estimated to be in excess of 100 individuals.

47.     CA Named Plaintiff's claims are typical of the claims of the CA Class, because the California Named Plaintiff, like all CA Class members, were denied minimum wage and overtime wages under the California Wage Laws.

48.     CA Named Plaintiff will fairly and adequately protect the interests of the CA Class because Plaintiff's interests are coincident with, and not antagonistic to, those of the class.

Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

49.　　No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

50.　　A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the CA Class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual CA Class members may not be great enough to enable all of the individual CA Class members to maintain separate actions against Defendant.

51.　　Questions of law and fact that are common to the CA Class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the CA Named Plaintiff and the CA Class are whether the RLOs meet any exemption under the California Wage Laws and whether CA Named Plaintiff and CA Class were denied minimum wage, were denied pay for non-productive time, were denied paid rest breaks, and were denied overtime pay when they worked more than 40 hours per week and more than 8 hours per workday.

**Rule 23 Maryland Class**

52.　　The foregoing paragraphs are incorporated herein as if set forth in their entirety.

53.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Maryland Named Plaintiff PAUL MALSTROM (the "MD Named Plaintiff") brings his claims for relief on behalf of himself and those similarly situated.

54.     Specifically, the MD Named Plaintiff seeks to represent a class of all persons (the "MD Class") who worked for Defendant as a Retail Loan Officer, and others who performed Retail Loan Officer functions of originating and producing residential mortgage loans from TIAA regardless of title, in the three (3) years prior to the filing of the instant action continuing through the present, in the state of Maryland.

55.     The class is so numerous that the joinder of all class members is impracticable. Based on information and belief, the number of potential class members is estimated to be in excess of 100 individuals.

56.     MD Named Plaintiff's claims are typical of the claims of the MD Class, because the MD Named Plaintiff, like all MD Class members, was denied minimum wage and overtime wages under the Maryland Wage Laws.

57.     MD Named Plaintiff will fairly and adequately protect the interests of the MD Class because MD Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. MD Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

58.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

59.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to

prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the MD Class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual MD Class members may not be great enough to enable all of the individual MD Class members to maintain separate actions against Defendant.

60.     Questions of law and fact that are common to the MD Class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the MD Named Plaintiff and the MD Class are whether the RLOs meet any exemption for overtime compensation under the Maryland Wage Laws, whether MD Named Plaintiff and MD Class worked more than 40 hours per week without overtime pay, and whether Defendants' pay system failed to consistently pay RLOs minimum wage for all hours worked.

## **FACTUAL BACKGROUND**

61.     The foregoing paragraphs are incorporated herein as if set forth in full.

62.     Named Plaintiffs and All Putative Class Members worked for Defendant as an RLO or in a position with similar job duties.

63.     Named Plaintiffs and All Putative Class Members were paid solely by commissions, without any salary or hourly wages and received no additional pay for overtime hours worked.

64.     Defendant provided "draws" in each paycheck issued "twice a month" to Named Plaintiffs and Putative Class Members which "draws," pursuant to Defendant's written policy, were "recovered" from commissions paid to Named Plaintiffs and Putative Class Members in the

second paycheck per month,  and any remaining "deficit," i.e. non-recovered draw, carried over to future months until all draws were "fully recovered" by Defendant.

65.     Named Plaintiffs and All Putative Class Members regularly and routinely worked in excess of 40 hours per workweek, and generally worked 50 to 70 hours or more per workweek.

66.     Due to the payment structure discussed above, Named Plaintiffs and All Putative Class Members generally were denied minimum wage during the first half of the month when they received only a draw on payday.

67.     In months where commissions received were insufficient, Defendants' pay system failed to pay Named Plaintiffs and All Putative Class Members at least minimum wage for all hours worked in the second half of the month.

68.     Defendant failed to maintain detailed time records, i.e. records which show the daily start time and end time for each working day of each Named Plaintiff and Putative Class Member.

69.     Defendant failed to pay any overtime compensation for overtime hours, *i.e.* hours worked in excess of 40 per workweek, worked to Named Plaintiffs and All Putative Class Members.

70.     Named Plaintiffs and All Putative Class Members were at all times relevant herein not exempt pursuant the FLSA and State Law overtime exemptions for professional, administrative, and executive employees.

71.     Named Plaintiffs and All Putative Class Members duties consisted of selling mortgage loan products, completing and reviewing paperwork relating to such products, assisting

clients of Defendant in completing paperwork and obtaining loans, providing customer service to loan customers, completing online training, attending sales and other meetings, and other duties.

72.     Named Plaintiffs and All Putative Class Members performed the vast majority of their work and sales from inside Defendant's offices, a home office, and/or other fixed location(s).

73.     Named Plaintiffs and All Putative Class Members performed duties that did not require the exercise of discretion or independent judgment.

74.     New York Named Plaintiff and the NY Class regularly worked shifts extending beyond 10 hours per day.

75.     California Named Plaintiff and the CA Class regularly worked shifts extending beyond 8 hours per day.

76.     The CA Named Plaintiff and the CA Class worked daily sufficient hours to require Defendant to provide them with paid ten (10) minute rest periods for daily work periods in excess of 3.5 hours or in their absence to provide added pay (hereinafter, "premium pay"), as required by California IWC Wage Order No. 4-2001, § 12, and California Labor Code § 226.7.

77.     The California Named Plaintiff and the CA Class were neither provided paid rest breaks nor premium pay in lieu of paid rest breaks.

78.     CA Named Plaintiff and the CA Class performed non-productive work for TIAA without any separate pay for such time, which was not work directly in furtherance of sales of mortgage loans, and accordingly was non-productive time, including but not limited to: engaging in online training sessions, attending sales and other meetings, and driving during the workday.

79.     Defendant's willful failure to pay CA Named Plaintiff and the CA Class for non-productive time was in violation of California law, including California Labor Code §§ 221, 223, 226.2 and 1194 and California Industrial Welfare Commission Wage Order 4-2001, ¶ 4.

80.     At all times relevant herein Named Plaintiffs and All Putative Class Members performed non-exempt work within the meaning of the FLSA, the New York Wage Laws, the New Jersey Wage Laws, the California Wage Laws and the Maryland Wage Laws.

81.     Therefore, Named Plaintiffs and All Putative Class Members were entitled to overtime compensation pursuant to the FLSA and State Wage Laws at the rate of at least one and one-half times their regular rate of pay for hours worked in excess of 40 per workweek.

82.     Defendant intentionally classified Named Plaintiffs and All Putative Class Members as outside sales employees exempt from overtime.

83.     Defendant's designation of Named Plaintiffs and All Putative Class Members as exempt under the outside sales exemption was not based on a reasonable basis of the law and was intentionally designed solely to evade its overtime obligations under the law.

84.     Defendant intentionally failed to pay Named Plaintiffs and All Putative Class Members minimum wage and overtime wages for the time worked in excess of 40 hours in a workweek.

85.     Accordingly, Named Plaintiffs and All Putative Class Members performed have been denied overtime wages in violation of the law.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime and Minimum Wages)**
**(Named Plaintiffs and Collective Action Plaintiffs v. Defendant)**

86.     The foregoing paragraphs are incorporated herein as if set forth in full.

17

87.     At all times relevant herein, Defendant has been and continues to be an "employer" within the meaning of the FLSA.

88.     At all times relevant herein, Defendant was responsible for paying wages to Named Plaintiffs and Collective Action Plaintiffs.

89.     At all times relevant herein, Named Plaintiffs and Collective Action Plaintiffs were employed with Defendant as "employees" within the meaning of the FLSA.

90.     At all times relevant herein, Named Plaintiffs and Collective Action Plaintiffs were non-exempt employees within the meaning of the FLSA.

91.     Under the FLSA, an employer must pay a non-exempt employee time and one-half their regular rate of pay for each hour worked in excess of 40 hours in a workweek.

92.     Named Plaintiffs and Collective Action Plaintiffs regularly worked in excess of 40 hours per workweek.

93.     Defendants' compensation system regularly failed to pay Named Plaintiffs and Collective Action Plaintiffs at least minimum wage for all hours worked.

94.     Named Plaintiffs and Collective Action Plaintiffs never received any overtime pay.

95.     Defendant violated the FLSA by misclassifying Named Plaintiffs and Collective Action Plaintiffs as exempt outside sales employees and failed to properly pay Named Plaintiffs and Collective Action Plaintiffs minimum wage, time and one-half their regular rate of pay for the hours worked in excess of 40 hours per workweek.

96.     Defendant's conduct in failing to pay Named Plaintiffs and Collective Action Plaintiffs properly was willful and is not based on any reasonable interpretation of the law.

97.     As a direct and proximate cause of Defendant's actions, Named Plaintiffs and Collective Action Plaintiffs has suffered damages as set forth herein.

98.     Because of Defendant's willful violation of the FLSA, Named Plaintiffs and Collective Action Plaintiffs are entitled to recover from Defendant unpaid minimum wages, unpaid overtime compensation, and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial.

**COUNT II**
**Violations of the New York Labor Law ("NYLL")**
**(Failure to Pay Overtime and Minimum Wages)**
**(NY Named Plaintiff and NY Class v. Defendant)**

99.     The foregoing paragraphs are incorporated herein as if set forth in full.

100.    At all times relevant herein, Defendant has and continues to be an "employer" within the meaning of the NYLL.

101.    At all times relevant herein, Defendant was responsible for paying wages to NY Named Plaintiff and the NY Class.

102.    At all times relevant herein, NY Named Plaintiff and the NY Class were employed with Defendant as "employees" within the meaning of the NYLL.

103.    At all times relevant herein, NY Named Plaintiff and the NY Class were non-exempt employees within the meaning of the NYLL.

104.    Under the NYLL, an employer must pay a non-exempt employee time and one-half their regular rate of pay for each hour worked in excess of 40 hours in a workweek. 12 NYCRR § 142-2.2.

105.    NY Named Plaintiff and the NY Class regularly worked in excess of 40 hours per workweek.

106.   NY Named Plaintiff and the NY Class never received any overtime pay.

107.   Defendants' compensation system regularly failed to pay Named Plaintiffs and NY Class at least minimum wage for all hours worked.

108.   Defendant violated the NYLL by misclassifying NY Named Plaintiff and NY Class as exempt outside sales employees and failed to properly pay NY Named Plaintiff and the NY Class minimum wages for all hours worked, time and one-half their regular rate of pay for the hours worked in excess of 40 hours per workweek.

109.   Defendant's conduct in failing to pay NY Named Plaintiff and the NY Class properly was willful and is not based on any reasonable interpretation of the law.

110.   As a direct and proximate cause of Defendant's actions, NY Named Plaintiff and the NY Class have suffered damages, including but not limited to past lost earnings.

111.   Because of Defendant's willful violation of the NYLL, NY Named Plaintiff and the NY Class are entitled to recover from Defendant unpaid minimum wages, unpaid overtime compensation, and an additional amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

**COUNT III**
**Violations of the New York Labor Law ("NYLL")**
**(Spread of Hours)**
**(NY Named Plaintiff and NY Class v. Defendant)**

112.   The foregoing paragraphs are incorporated herein as if set forth in full.

113.   Under the NYLL, an employer must pay an employee one hour's pay at the basic minimum hourly wage rate in addition to the minimum wage required for any day in

which the employee works a "spread of hours" or a shift longer than ten (10) hours in a day. 12 NYCRR § 142-2.4.

114.   Defendant's violations of the NYLL include not paying NY Named Plaintiff and the NY Class one additional hour's pay at the basic minimum hourly wage rate where they worked a "spread of hours" or a shift longer than ten (10) hours in a day.

115.   Defendant's conduct in failing to pay NY Named Plaintiff and the NY Class properly was willful and is not based on any reasonable interpretation of the law.

116.   As a direct and proximate cause of Defendant's actions, NY Named Plaintiff and the NY Class have suffered damages, including but not limited to past lost earnings.

117.   As a direct and proximate result of Defendant's willful violation of the NYLL, NY Named Plaintiff and the NY Class are entitled to recover from Defendant unpaid overtime compensation, and an additional amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

**COUNT IV**
**New Jersey Wage Laws**
**(Failure to Pay Overtime and Minimum Wages)**
**(NJ Named Plaintiff and NJ Class v. Defendant)**

118.   The foregoing paragraphs are incorporated herein as if set forth in full.

119.   At all times relevant herein, Defendant has been and continues to be an employer within the meaning of the NJWHL.

120.   At all times relevant herein, Defendant was responsible for paying wages to NJ Named Plaintiff and the NJ Class.

121.   At all times relevant herein, Plaintiff DeSimone and the NJ Class were employed with Defendant as "employees" within the meaning of the NJWHL.

122.   Under the NJWHL, an employer must pay an employee at least one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

123.   Defendant violated the NJWHL by misclassifying NJ Named Plaintiff and NJ Class as exempt outside sales employees and failing to properly pay NJ Named Plaintiff and the NJ Class minimum wage for all hours worked and at least one- and one-half times their regular rate for all hours worked over 40 hours in a workweek.

124.   Defendant's conduct in failing to pay NJ Named Plaintiff and the NJ Class properly was willful and was not based upon any reasonable interpretation of the law.

125.   As a direct and proximate result of Defendant's willful violation of the NJWHL, NJ Named Plaintiff and the NJ Class are entitled to recover from Defendant unpaid minimum wages, unpaid overtime compensation, treble damages, attorney's fees, costs, and all other legal remedies available under the law as a consequence of Defendant's failure to pay them overtime compensation for hours worked over 40 per workweek, all in an amount to be determined at trial.

**COUNT V**
**California Wage Laws**
**(Failure to pay Overtime and Minimum Wage)**
**(CA Named Plaintiff and CA Class v. Defendant)**

126.   The foregoing paragraphs are incorporated herein as if set forth in full.

127.   At all times relevant herein, Defendant has been and continues to be an employer within the meaning of the California Labor Code and California Wage Orders.

128.   At all times relevant herein, Defendant was responsible for paying wages to the CA Named Plaintiff and CA Class.

129.    At all times relevant herein, CA Named Plaintiff and CA Class were employed with Defendant as "employees" within the meaning of the California Labor Code and California Wage Orders.

130.    Under the California Labor Code and California Wage Orders, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked in excess of eight hours (8) hours in one work day and any work in excess of forty (40) hours in any one workweek.  California Labor Code §§ 510 and 1194.

131.    Defendant violated the California Labor Code and California Wage Orders by misclassifying CA Named Plaintiff and CA Class as exempt outside sales employees and failed to properly pay CA Named Plaintiff and CA Class at least minimum wage for all hours worked, at least one- and one-half times their regular rate for all hours worked in excess of eight (8) hours in one workday and in excess of forty (40) hours in any one workweek, in violation of California Labor Code §§ 510 and 1194 and California Wage Order No. 4 and all other applicable sections of the California Labor Code and Wage Orders.

132.    Defendant's conduct in failing to pay CA Named Plaintiff and CA Class properly was willful and was not based upon any reasonable interpretation of the law.

133.    As a direct and proximate result of Defendant's willful violation of California Labor Code and California Wage Order No. 4, CA Named Plaintiff and the CA Class are entitled to recover from Defendant unpaid minimum wages, unpaid overtime compensation, statutory/liquidated damages, attorney's fees, costs, and all other legal remedies available under the law as a consequence of Defendant's failure to pay them overtime for hours worked over 40 per workweek, in an amount to be determined at trial.

**COUNT VI**
**California Wage Laws**
**(Failure to provide rest periods)**
**(CA Named Plaintiff and CA Class v. Defendant)**

134.    The foregoing paragraphs are incorporated herein as if set forth in full.

135.    At all times relevant herein, Defendant has been and continues to be an employer within the meaning of the California Labor Code and California Wage Orders.

136.    At all times relevant herein, Defendant was responsible for paying wages to CA Named Plaintiff and CA Class.

137.    At all times relevant herein, CA Named Plaintiff and CA Class were employed with Defendant as "employees" within the meaning of the California Labor Code and California Wage Orders.

138.    California Labor Code § 226.7(a) provides "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

139.    IWC Order No. 4-2001 (12)(A) requires, in relevant part, "every employer shall authorize and permit all employees to take rest periods, …at the rate of ten (10) minutes net rest time for four hours… Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

140.    IWC Order No. 4-2001(12)(B) further provides, "If an employer fails to provide an employee with a rest period…the employer shall pay the employee one (1) hour of pay at the employee's' regular rate of compensation for each workday that the rest period is not provided."

141.   Defendant failed to provide paid rest periods to CA Named Plaintiff and CA Class because Defendant paid CA Named Plaintiff and CA Class solely based on commissions, i.e. piece rate, and did not provide separate compensation for rest periods.

142.   By failing to provide paid rest periods, Defendant violated IWC Wage Order No. 4-2001, § 12 and California Labor Code § 226.7 and is liable to CA Named Plaintiff and CA Class.

143.   Defendant's violations of the California Wage Laws include, but are not limited to, not providing paid rest breaks to CA Named Plaintiff and CA Class, in violation of California Labor Code § 510 and California Wage Order 4-2001.

144.   As a direct and proximate result of Defendant's willful unlawful action, CA Named Plaintiff and CA Class have been deprived of timely rest periods and/or were not paid for rest periods and are entitled to recover from Defendant under Labor Code § 226.7(b) one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide CA Named Plaintiff and CA Class with paid rest periods.

**COUNT VII**
**California Wage Laws**
**(Failure to pay for non-productive time)**
**(CA Named Plaintiff and CA Class v. Defendant)**

145.   The foregoing paragraphs are incorporated herein as if set forth in full.

146.   At all times relevant herein, Defendant has been and continues to be an employer within the meaning of the California Labor Code and California Wage Orders.

147.   At all times relevant herein, Defendant was responsible for paying wages to CA Named Plaintiff and CA Class.

148.   Under the California Labor Code and California Wage Orders, an employer must pay an employee for all "hours worked" which includes all time when the employee is under "control" of the employer and "all the time the employee is suffered or permitted to work…" IWC Wage Order No. 4-2001.

149.   Under the California Labor Code and California Wage Orders, an employer must pay piece-rate employees for all non-productive time expended (i.e., while not in direct furtherance of sales) while employed by Defendant.

150.   Defendant's violations of the California Wage Laws include, but are not limited to, not paying CA Named Plaintiff and CA Class, for all non-productive time expended while employed by Defendant in violation of California Labor Code § 226 and Wage Order 4-2001.

151.   Labor Code § 510 provides in relevant part: "[e]ight hours of labor constitutes a day's work."   Labor Code § 1197 provides: "the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

152.   Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

153.   CA Named Plaintiff and CA Class performed non-sales work for Defendant, for which they were not compensated, in violation of California's minimum wage laws.

154.   All times relevant, pursuant California law, CA Named Plaintiff and CA Class should have received not less than the minimum wage for all their non-sales work.

155.    Defendant's conduct in failing to pay CA Named Plaintiff and CA Class properly was willful and was not based upon any reasonable interpretation of the law

156.    As a direct and proximate result of Defendant's willful violation of Labor Code §§ 226, 510, 1194 and 1197 and California Wage Order No. 4-2001, CA Named Plaintiff, on behalf of himself and the CA Class, are entitled to recover from Defendant all wages due for unpaid non-productive time, i.e., non-sales work, while working as Defendant's RLOs, attorneys' fees, liquidated damages, prejudgment interest, and all other legal remedies available under law for failure to pay for non-productive time, in an amount to be determined at trial.

**COUNT VIII**
**California Wage Laws**
**(Failure to pay all wages due at separation)**
**(CA Named Plaintiff and CA Class v. Defendant)**

157.    The foregoing paragraphs as incorporated herein as if set forth in full.

158.    California Labor Code §§ 201 and 202 requires Defendant to pay all compensation due and owing to CA Named Plaintiff and CA Class at or around the time employment is terminated.   Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

159.    At all times relevant during the liability period, CA Named Plaintiff and CA Class were employees of Defendant covered by California Labor Code § 203.

160.    CA Named Plaintiff and CA Class were not paid for their work performed, as set forth herein.

161.    Defendant willfully failed to pay CA Named Plaintiff and CA Class who are no longer employed by Defendant for their uncompensated hours, uncompensated overtime, and for other items alleged herein upon their termination or separation from employment with Defendant in violation of California Labor Code §§ 201, 202 and 203.

162.    As a direct and proximate result of Defendant's willful violation of California Labor Code §§ 201, 202 and 203, CA Named Plaintiff, on behalf of himself  and the CA Class, seek all wages due at separation amounting to thirty (30) days wages for CA Named Plaintiff and CA Class pursuant to California Labor Code § 203, in an amount to be determined at trial.

**COUNT IX**
**California Wage Laws**
**(Unfair Competition)**
**(CA Named Plaintiff and CA Class v. Defendant)**

163.    The foregoing paragraphs are incorporated herein as if set forth in full.

164.    Section 17200 of the California Business and Professional Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

165.    Through its actions alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL.  Defendant's conduct, as alleged herein, constitutes unlawful, unfair and/or fraudulent business practices under the UCL.

166.    Defendant's unlawful conduct under the UCL includes, but is not limited to, violating the statues and regulations alleged herein; failure to pay CA Named Plaintiff and CA Class wages and compensation they earned through labor provided; violating California Labor Code § 204 and employees' fundamental right to be paid wages in a timely fashion for their work; and failing to otherwise compensated CA Named Plaintiff and CA Class, as alleged herein.

167.    Defendant's fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the amount of wages or compensation due.

168.    CA Named Plaintiff has standing to assert this claim because he has suffered injury in fact and has lost money as a result of Defendant's conduct.

169.    As a direct and proximate result of Defendant's willful violation of § 17200 of the California UCL, CA Named Plaintiff and CA Class seek compensation from Defendant due to it engaging in unlawful, unfair, and/or fraudulent conduct alleged herein.

**COUNT X**
**Maryland Wage Laws**
**(Failure to Pay Overtime and Minimum Wage)**
**(MD Named Plaintiff and MD Class v. Defendant)**

170.    The foregoing paragraphs are incorporated herein as if set forth in full.

171.    At all times relevant herein, Defendant has been and continues to be an employer within the meaning of the MDWHL.

172.    At all times relevant herein, Defendant was responsible for paying wages to MD Named Plaintiff and MD Class.

173.    At all times relevant herein, Maryland Named Plaintiff and MD Class were employed with Defendant as "employees" within the meaning of the MDWHL.

174.    Under the MDWHL, an employer must pay an employee at least one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

175.    Defendant violated the MDWHL by misclassifying MD Named Plaintiff and MD Class as exempt outside sales employees and failing to properly pay MD Named Plaintiff and

MD Class. at least minimum wage for all hours worked and at least one- and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

176.    Defendant's conduct in failing to pay MD Named Plaintiff and MD Class properly was willful and was not based upon any reasonable interpretation of the law.

177.    As a direct and proximate result of Defendant's willful violation of MDWHL, MD Named Plaintiff and the MD Class seek unpaid minimum wage, unpaid overtime compensation, statutory/liquidated damages, attorney's fees, costs, and all other legal remedies available under the law as a consequence of Defendant's failure to pay them overtime compensation for hours worked over 40 per workweek, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to compensate, reimburse, and make Named Plaintiffs and All Putative Class Members whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to unpaid minimum wages, unpaid overtime, and other compensation due under the law;

B.    Named Plaintiffs and All Putative Class Members are to be awarded statutory liquidated, treble, and/or punitive damages;

C.    Named Plaintiffs and All Putative Class Members are to be awarded pre-judgment and post-judgment interest on their claims;

D.    Named Plaintiffs and All Putative Class Members are to be awarded attorneys' fees and costs, together with the costs and expenses of this action as provided by applicable law;

E.    Named Plaintiffs and All Putative Class Members are to have a trial by jury; and

F.      Named Plaintiffs and All Putative Class Members are to be accorded any and all other equitable and legal relief due under the law.

Dated: August 12, 2020.


Respectfully Submitted,


**MEREDITH MALATINO, LLC**

*/s Carly Jane Skarbnik*
Carly Jane Skarbnik, Esq. (SNDY 4088526)
411 Hackensack Ave., Ste. 407
Hackensack, NJ 07601
Phone: (201) 518-1914
cmeredith@meredithmalatinolaw.com

Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N, Ste. 402
Cherry Hill, NJ 08034
Telephone: (856) 685-7420
E-mail: jswidler@swartz-legal.com
*Pro Hac Vice Motion to be filed.*


Robert D. Soloff, Esq.
**ROBERT D. SOLOFF, P.A.**
7805 SW 7th Court
Plantation, Florida 33324
Telephone: (954) 472-0002
E-mail: robert@solofflaw.com
*Pro Hac Vice Motion to be filed*

Marc A. Silverman, Esq.
**FRANK WEINBERG BLACK, P.A.**
7805 SW 7th Court
Plantation, Florida 33324
Telephone: (954) 474-8000
E-mail: msilverman@fwblaw.net
*Pro Hac Vice Motion to be filed*


Attorneys for Plaintiffs