UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS DeSIMONE, PATRICK GARDNER,
MOHAMMAD HUSSAIN, PAUL MALSTROM,
STEPHEN GALLAGHER, CRAIG PALADEAU,
CORY BENNER, and all others similarly situated,

        Plaintiffs,

v.

TIAA BANK, FSB, f/k/a Everbank Financial Corp.,

        Defendant.

20-CV-6492 (AJN) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed during today's conference, it is hereby ORDERED as follows:

1. <u>Named Plaintiffs - Document Production</u>.

   a. **No later than January 4, 2022**, the named plaintiffs shall produce the documents responsive to defendant's Request for Production (RFP) Nos. 20-21 as previously modified by this Court.

   b. **No later than January 17, 2022**, defendant shall identify the TIAA Bank "calendaring system[s]" made available to RLOs (Dkt. No. 174 at 2) and produce, for each named plaintiff, his or her calendar(s) from **August 14, 2017** forward.

2. <u>Opt-In Plaintiffs – Written Discovery</u>.

   a. *Defendant's Discovery Requests*. Defendant may propound its proposed interrogatories (Interrogs.), requests for admission, and RFPs (Dkt. No. 174 Ex. B) on all opt-in plaintiffs, with the following modifications:

      i. **Interrog. No. 1**: The proposed language shall be replaced with:

|     | |
| --- | --- |
|      | "Identify all witnesses who have information to support your claim that you worked more than 40 hours per week for TIAA Bank during the Relevant Time Period." |
| ii.  | **Interrog. No. 2**: The parties shall meet and confer in good faith to agree on unambiguous wording that does not require the responding plaintiff to determine what is (or is not) a TIAA Bank "place of business." |
| iii. | **Interrog. Nos. 4-5**: The phrase "in as much detail as possible" shall be stricken from both interrogatories. |
| iv.  | **Interrog. No. 8**: The interrogatory shall be limited to e-mail accounts that the responding plaintiff used for TIAA Bank business purposes. |
| v.   | **RFP No. 2**: The proposed language shall be replaced with: "Employment applications, resumes, CVs, cover letters, and other communications with subsequent employers or potential employers, from three years prior to the date you filed your FLSA Consent Form in this Action to the present, that describe or reference your work at TIAA Bank." |
| vi.  | **RFP No. 6**: Defendant shall not propound RFP 6 on the opt-in plaintiffs. Nothing in this Order prevents an opt-in plaintiff from producing the requested records voluntarily. To prevent unfairness, however, any opt-in plaintiff who testifies at deposition and who does not produce the requested records prior |

                to her or his deposition may not later rely on those records in this action.

        vii.    **RFP No. 9**: The proposed language shall be replaced with: "Documents, other than documents protected by the attorney-client privilege or the work product doctrine, discussing whether or not TIAA Bank compensated you in accordance with federal law."

    b.    *Plaintiffs' Discovery Requests*. The parties are directed to meet and confer in good faith regarding the opt-in plaintiffs' proposed interrogatories (Dkt. No. 174 Ex. C). **No later than December 23, 2021**, the parties shall file a joint letter advising the Court as to whether they have reached agreement on this issue and, if not: (i) attaching the most current version of the proposed interrogatories; and (ii) succinctly outlining their remaining disputes. The Court intends, if possible, to resolve those disputes based on the information presented in the joint letter.

3.    <u>Opt-In Plaintiffs - Depositions</u>.

    a.    The parties may conduct up to 24 half-day depositions (3.5 hours each) of opt-in plaintiffs.

    b.    Plaintiffs' counsel may select up to 12 opt-in plaintiffs for deposition and defendant's counsel may likewise select up to 12 opt-in plaintiffs for deposition. Unless the parties agree on a different selection procedure, they shall take turns identifying individual opt-in plaintiffs for deposition. In the event a designated deponent withdraws as a plaintiff or is unable or

        unwilling to appear for deposition, the party that selected that deponent may promptly identify a successor deponent. The depositions shall be scheduled on dates and at times reasonably convenient for the witnesses and for counsel, and need not take place in the same order in which they were selected. The depositions may be conducted remotely.

c.     The parties may not submit affidavits or declarations from opt-in plaintiffs who have not been examined at deposition in support of or in opposition to any future certification or decertification motions under the FLSA and/or Fed. R. Civ. P. 23.

Dated: New York, New York  
       December 16, 2021                        **SO ORDERED.**

                                                                **BARBARA MOSES**  
                                                                  **United States Magistrate Judge**