UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS DeSIMONE, PATRICK GARDNER, MOHAMMAD HUSSAIN, PAUL MALSTROM, STEPHEN GALLAGHER, CRAIG PALADEAU, CORY BENNER, *and all others similarly situated*,

                Plaintiffs,

-against-

TIAA BANK, FSB, f/k/a EVERBANK FINANCIAL CORP.,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/04/2023

20-CV-6492 (BCM)

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASSES, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, APPOINTMENT OF ANGEION GROUP AS CLAIMS ADMINISTRATOR, APPROVAL OF NOTICES OF PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT, AND SCHEDULING DATES, INCLUDING THE FAIRNESS HEARING DATE**

**BARBARA MOSES, United States Magistrate Judge.**

This matter came before the Court on plaintiffs' unopposed motion ("Motion for Preliminary Approval") (Dkt. 223) seeking an order:

(1)    Granting preliminary approval of the Settlement Agreement and Release ("Settlement Agreement" or "Ag.") (Dkt. 223-3) between Nicholas DeSimone, Patrick Gardner, Mohammad Hussain, Paul Malstrom, Stephen Gallagher, Craig Paladeau, and Cory Benner ("plaintiffs") and TIAA Bank, FSB ("defendant"), attached as Exhibit 1 to the Declaration of Justin L. Swidler in Support of Plaintiffs' Motion for Preliminary Approval ("Swidler Declaration") (Dkt. 223-2);

(2)    Conditionally certifying seven (7) proposed Rule 23 state law classes for settlement purposes;

(3)    Appointing Justin L. Swidler of Swartz Swidler, LLC, Robert D. Soloff of Robert D. Soloff, P.A., Marc A. Silverman of Frank, Weinberg & Black, P.L., and Carly Meredith of Meredith Malatino Law LLC as counsel to the Class Members and the Collective Action Members;

(4)    Appointing Angeion Group as Claims Administrator;

(5)    Preliminarily approving Plaintiffs' requests for attorneys' fees and costs, and service awards;

(6)    Approving the proposed Notice of Class Action Settlement, attached as Exhibit D to the Settlement Agreement (Dkt. 223-4 at ECF pp. 16-23), and Notice of Collective Action Settlement, attached as Exhibit E to the Settlement Agreement (Dkt. 223-4 at ECF pp. 24-30);

(7)    Setting the date for the fairness hearing and for the submission of a Motion for Final Approval of Settlement and a Motion for Attorneys' Fees and Costs; and

(8)    Specifying the dates for certain actions in this case.

## Preliminary Approval of Settlement

1.    The Court has carefully reviewed the papers submitted in connection with the Motion for Preliminary Approval, including Plaintiffs' Memorandum of Law (Dkt. 224), the Swidler Declaration, and its attachments. Based on that review, the Court grants preliminary approval of the settlement as set out in the Settlement Agreement.

2.    The Court finds that the Agreement, including the plan of allocation therein, was negotiated at arm's length, by counsel experienced in the prosecution of wage and hour class and collective actions, and is not collusive. The Court further finds that the proposed settlement

consideration is within the range of possible approval as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e), such that notice to the Class, as defined below, is appropriate.

       3.      For settlement purposes only, the Court provisionally certifies the following state law classes pursuant to Fed. R. Civ. P. 23(e):

    a.    New York: individuals who were employed for at least one (1) day in a Covered Position[1] in the State of New York from February 22, 2013, through April 30, 2019.

    b.    New Jersey: individuals who were employed for at least one (1) day in a Covered Position in the State of New Jersey from February 22, 2017, through April 30, 2019.

    c.    California: individuals who were employed for at least one (1) day in a Covered Position in the State of California from August 14, 2016, through April 30, 2019.

    d.    Maryland: individuals who were employed for at least one (1) day in a Covered Position in the State of Maryland from August 14, 2017, through April 30, 2019.

    e.    Pennsylvania: individuals who were employed for at least one (1) day in a Covered Position in the State of Pennsylvania from October 20, 2017, through April 30, 2019.

    f.    Washington: individuals who were employed for at least one (1) day in a Covered Position in the State of Washington from October 20, 2017, through April 30, 2019.

---

[1] All capitalized terms not defined in this Order are used as defined in the Settlement Agreement. *See* Ag. § 1.

      g.      Oregon: individuals who were employed for at least one (1) day in a Covered Position in the State of Oregon from October 20, 2014, through April 30, 2019.

4.      For settlement purposes only, the Court finds that plaintiffs have met all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3). Named plaintiffs Nicholas DeSimone, Patrick Gardner, Mohammad Hussain, Paul Malstrom, Stephen Gallagher, Craig Paladeau, and Cory Benner are appointed as Representatives of the Class.

5.      For settlement purposes only, the Court conditionally approves the sending of notice under the Fair Labor Standards Act, as amended (FLSA), 29 U.S.C. § 216(b), to members of the Collective (the Collective Action Members).

6.      For settlement purposes only, the Court appoints Justin L. Swidler of Swartz Swidler, LLC, Robert D. Soloff of Robert D. Soloff, P.A., Marc A. Silverman of Frank, Weinberg & Black, P.L., and Carly Meredith of Meredith Malatino Law LLC as counsel to the Class Members and the Collective Action Members (Class Counsel).

7.      The Court approves the appointment of Angeion Group as Settlement Administrator.

## Notices

8.      The Court approves the Notices of Proposed Settlement of Class Action Lawsuit and Fairness Hearing in the form attached to the Settlement Agreement as Exhibits D (the Class Notice) and E (the Collective Notice) (collectively the "Notices"), and directs their distribution to the Class Members and Collective Action Members, respectively, within thirty (30) days of entry of this Order, by First Class United States Mail (with the blanks left for dates and contact information accurately filled in).

9. The Court finds that the content of the Class Notice complies with due process and Fed. R. Civ. P. 23(e) and that mailing the Class Notice to all Class Members by First Class United States Mail, as contemplated by the Settlement Agreement, appears to be the best notice practicable under the circumstances and adequately puts Class Members on notice of the proposed settlement. The proposed plan for distributing the Notices appears to be a reasonable method calculated to reach all Class Members who will be bound by the settlement. The Collective Notice satisfies the requirements of the FLSA and adequately puts Collective Action Members on notice of the proposed settlement.

### Class Action Settlement Schedule

10. The Court hereby sets the following settlement schedule:

   a. Promptly following the entry of this Order, the Settlement Administrator shall prepare final versions of the Notices.

   b. Within ten (10) days of the date of this Order (no later than **April 14, 2023**), counsel for defendant shall provide the Settlement Administrator with the Plaintiff and Class Member Information List in electronic form. (Ag. § 2.5(A).)

   c. Within twenty (20) days of the date of this Order (no later than **April 24, 2023**), the Settlement Administrator shall mail the Class Notice and its attachments to all Class Members (Ag. § 2.5(C)), shall mail the Collective Notice and its attachments to all Collective Members (Ag. § 2.5(C)), and thereafter shall comply with the requirements of Ag. §§ 2.5(B), 2.5(E) regarding returned Notices, the mailing of Notices to Class Members who

5

        contact the Settlement Administrator, and notification of any returned Notices.

d.     The period within which Class Members may opt out of the Class and the settlement (the Opt-out Period), and within which Class Members and Collective Action members may submit written objections to the settlement, will end thirty (30) days after the Settlement Administrator has mailed the Notices, except for Class Members whose first mailing was returned to the Claims Administrator as undeliverable, who will be allowed to opt out or object up to thirty (30) days from the date of the second mailing, but no later than sixty (60) days from the date of this Order. (Ag. §§ 2.6(A), 2.6(B).)

e.     Within three (3) business days after the end of the Opt-out Period, the Claims Administrator shall send a zipped file to defendant's counsel and Class Counsel containing all objections and Opt-out Statements it received. (Ag. § 2.8.) Within three (3) business days thereafter, Class Counsel shall promptly file, with the Clerk of Court, a list of the names of Collective Action Members and Class Members who submitted timely objections. (Ag. § 2.6(D).)[2]

f.     The last day for defendant to cancel the settlement, if more than 3% of the Class Members (or a number of Class Members whose Settlement Awards, in the aggregate, total 3% or more of the Net Settlement Fund) opt out, is fourteen (14) days after the Claims Administrator has sent the zipped file to

---

[2] To the extent the text of Ag. § 2.6(D) would require Class Counsel to file the list of names with the Clerk of Court within three (3) calendar days after the end of the Opt-out Period (*i.e.*, prior to or on the same day that the Claims Administrator is required to send that information to Class Counsel in a zipped file), the Court concludes that this was a drafting oversight.

    defendant's counsel and Class Counsel containing all objections and Opt-out Statements received. (Ag. § 3.6.)

 g. At least fifteen (15) days prior to the Fairness Hearing (no later than **July 17, 2023**), Representative Plaintiffs shall file a motion for final approval of the settlement, including Class Counsel's application for attorneys' fees and costs and all supporting materials. (Ag. § 2.9(A).)

 h. The Fairness Hearing will take place on **August 1, 2023**, **at 11:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

Dated: New York, New York
   April 4, 2023

          **SO ORDERED.**

          _____
          **BARBARA MOSES**
          **United States Magistrate Judge**