IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS DeSIMONE, PATRICK GARDNER, MOHAMMAD HUSSAIN, PAUL MALSTROM, STEPHEN GALLAGHER, CRAIG PALADEAU, CORY BENNER, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TIAA BANK, FSB, f/k/a EVERBANK FINANCIAL CORP.,<br><br>Defendant. | CIVIL ACTION NO: 1:20 Civ. 6492 (BCM)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 08/01/2023 |

**FINAL APPROVAL ORDER AND JUDGMENT**

Upon careful consideration of Plaintiffs' Unopposed Motion for an Order Granting Final Approval to the Class and Collective Action Settlement (the "Final Approval Motion") (Dkt. 230), along with their supporting memorandum of law (Dkt. 231), the exhibits attached thereto, and the argument presented on the record during the final Fairness Hearing held on August 1, 2023, the Court hereby finds, pursuant to Fed. R. Civ. P. 23(e)(2) and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 119 (2d Cir. 2015), that the parties' Settlement Agreement and Release (Dkt. 223-3) ("Settlement Agreement" or "Ag.") is fair, reasonable, and adequate in all respects. Consequently, for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

(1) All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

(2) The Court GRANTS the Final Approval Motion and APPROVES the Settlement Agreement, which shall be binding on defendant, all plaintiffs (including opt-in

plaintiffs), and all members of the seven State Law Classes described in ¶ 1.6 of the Settlement Agreement and provisionally certified in this Court's April 4, 2023 Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement (the "Preliminary Approval Order") (Dkt. 228);

(3) The Court CONFIRMS as final the certification of the State Law Classes for settlement purposes;

(4) The Court CONFIRMS as final the appointment of the seven named plaintiffs identified in ¶ 4 of the Preliminary Approval Order as Representative Plaintiffs;

(5) The Court CONFIRMS as final the appointment of Justin L. Swidler of Swartz Swidler, LLC, Robert D. Soloff of Robert D. Soloff, P.A., Marc A. Silverman of Frank, Weinberg & Black, P.L., and Carly Meredith of Meredith Malatino Law LLC as Class Counsel;

(6) The Court APPROVES Class Counsel's request for attorneys' fees in the amount of $2,833,333 (one-third of the Gross Settlement Amount) as a fair and reasonable payment for their service provided to the Class Members and the Collective Action Members;

(7) The Court finds reasonable and APPROVES Class Counsel's request for reimbursement of litigation expenses in the amount of $32,634.19.

(8) The Court finds reasonable and APPROVES a Service Payment of $10,000 to each Representative Plaintiff;

(9) The Court finds reasonable and APPROVES a Service Payment of $250 to each of the 101 Discovery Opt-in Plaintiffs, who answered written discovery;

(10)   The Court finds reasonable and APPROVES payment to the Claims Administrator, Angeion Group, not to exceed $35,000;

(11)   The Court DIRECTS the Claims Administrator, Angeion Group, to issue and mail a Settlement Check to each Settlement Plaintiff, and to mail checks for the Court-approved attorneys' fees and costs to Class Counsel, within three days of the Effective Date of the Settlement Agreement pursuant to ¶ 2.12(b) of the Settlement Agreement. Provided no appeal is taken from this Order, the Effective Date is 30 days from the date of this Order. *See* Ag. ¶ 1.15.

(12)   In accordance with the recommendation of the Federal Judicial Center,[1] the Court DIRECTS Class Counsel to file a status report, no later than **April 1, 2024**, updating the Court on all matters pertinent to the distribution of the Qualified Settlement Fund, including: (a) the number and dollar amount of Settlement Checks issued to Settlement Plaintiffs; (b) the highest, lowest, and average amount of such Settlement Checks; (c) the number and dollar amount of Settlement Checks negotiated, compared to the number and dollar amount of Settlement Checks remaining uncashed after the expiration of the Acceptance Period; (d) the total sum donated (or to be donated) to the *cy pres* recipient, Secure Futures, and the timing of such donation(s); and (e) the estimated timing and amounts of any tax refunds, any penalties, and any other matters pertinent to closing the Qualified Settlement

---

[1] *See* Barbara J. Rothstein & Thomas E. Willging, *Managing Class Action Litigation: A Pocket Guide for Judges* 25 (Fed. Jud. Ctr.) (3d ed. 2010) (identifying the values of "[k]nowing the claims rate" and concluding that "to remedy the current lack of knowledge about claims rates and class member recoveries, judges should routinely order the parties to report such information to the court and place it in the public record").

Fund. Angeion Group shall provide a declaration to Class Counsel and defendant's counsel addressing each of these issues no later than **March 22, 2024**.

(13) The Court DISMISSES this action with prejudice and without costs (except as otherwise provided herein), in accordance with the terms of the Settlement Agreement, and respectfully directs the Clerk of Court to close the case. The Court retains jurisdiction over this action for the limited purpose of enforcing the Settlement Agreement and overseeing the distribution of the Qualified Settlement Fund.

Dated: August 1, 2023
New York, New York

**IT IS SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**